RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 2/1/12
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK BASS,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>XXXXXXXXXXXX |
| VERSUS | 11-cv-1773 |
| RICARDO MARTINEZ, WARDEN,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Patrick Lemuel Bass ("Bass") on September 30, 2011. Bass is contesting the calculation of his sentence by the U.S. Bureau of Prisons ("BOP"), specifically complaining that the BOP failed to give him credit for all of his presentence jail time. Bass was sentenced in the Middle District of Alabama, Eastern Division, to 96 months imprisonment (Doc. 1). See Bass v. U.S., 2008 WL 4951355 (M.D.Ala. 2008).

The Respondent answered the petition (Doc. 9) and raised the defense of lack of exhaustion.

Law and Analysis

Federal regulations afford federal prisoners administrative review of the computation of their sentences, see 28 CFR §§ 542.10-542.16 (1990), and prisoners may seek judicial review of those computations after exhausting their administrative remedies.

U.S. v. Wilson, 503 U.S. 329, 335-336, 112 S.Ct. 1351, 1355 (1992), and cases cited therein.

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden. The regulations also provide for appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

Bass has not provided this court with copies of his administrative remedy requests and responses to prove exhaustion, and does not allege in his complaint that he has exhausted his administrative remedies.[1]

The Respondent submitted an affidavit by Tamala Robinson, a legal secretary employed at the BOP, who states that the attached print-outs are from the BOP's computerized inmates administrative remedy records for Bass, and that the records show Bass has not exhausted his administrative remedies (Doc. 40, Ex. B). Robinson

---

[1] Although Bass attached 2 administrative remedy responses to his petition, it is apparent that neither one is his, since the dates mentioned do not match the dates relevant to Bass's conviction and incarceration.

further states in her affidavit that the two administrative remedies attached to Bass's petition are for other inmates (Doc. 40, Ex. B).

Since Bass has not exhausted his administrative remedies, his petition should be dismissed without prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Bass's petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this \_\_1st\_\_ day of February, 2012.

                                        JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE